**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWIN JAY HUTCHISON,

       Plaintiff,

  v.

CALIFORNIA PRISON INDUSTRY
AUTHORITY, et al.,

       Defendants.

Case No.: C 13-4635 CW (PR)

ORDER DISMISSING CLAIMS WITH
LEAVE TO AMEND

INTRODUCTION

Plaintiff Edwin Jay Hutchison, a state prisoner incarcerated
at San Quentin State Prison (SQSP), has filed a pro se civil
rights action pursuant to 42 U.S.C. § 1983, alleging the violation
of his constitutional rights by the California Prison Industry
Authority, operating under the auspices of the California
Department of Corrections and Rehabilitation (CDCR), and seventeen
individuals who are either employees of the CALPIA Furniture
Factory at SQSP or employees of SQSP.  His motion for leave to
proceed in forma pauperis is granted in a separate order.

DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any
case in which a prisoner seeks redress from a governmental entity
or officer or employee of a governmental entity.  28 U.S.C.

**United States District Court**
For the Northern District of California

§ 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  Lemire v. California Dept. Corrections & Rehabilitation, 726 F.3d 1062, 1074 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633.  Under no circumstances is there respondeat superior liability under § 1983.  Lemire, 726 F.3d at 1074.  Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or

United States District Court
For the Northern District of California

1   omissions of another.  Taylor v. List, 880 F.2d 1040, 1045 (9th

2   Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723

3   F.2d 675, 680-81 (9th Cir. 1984).

4        A supervisor may be liable under § 1983 upon a showing of

5   personal involvement in the constitutional deprivation or a

6   sufficient causal connection between the supervisor's wrongful

7   conduct and the constitutional violation.  Redman v. County of San

8   Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation

9   omitted).  A supervisor therefore generally "is only liable for

10  constitutional violations of his subordinates if the supervisor

11  participated in or directed the violations, or knew of the

12  violations and failed to act to prevent them."  Taylor, 880 F.2d

13  at 1045.  This includes allegations that a supervisor implemented

14  "a policy so deficient that the policy itself is a repudiation of

15  constitutional rights and is the moving force of the

16  constitutional violation."  Redman, 942 F.2d at 1446; Jeffers v.

17  Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

18  II.  Plaintiff's Allegations

19       Plaintiff alleges that, from August 21, 2009 through February

20  27, 2012, he was an inmate employee at the CALPIA Furniture

21  Factory where he was exposed to a substantial risk of serious harm

22  due to the dangerous conditions of lead and friable asbestos in

23  the drywalls, ceilings, pipes, structural members and the settled

24  dust at the CALPIA Factory.  As a result of being exposed to lead

25  and asbestos, Plaintiff alleges, he has industrial lungs injury

26  with symptoms of frequent headaches, nasal and sinus problems,

27  coughing, chest pains and emotional and psychological trauma.

28

In general, Plaintiff alleges that Defendants knew of the dangerous conditions at the CALPIA Factory and did nothing to prevent Plaintiff and other inmate workers from being exposed to them.

Plaintiff also alleges that, on July 9, 2012, he submitted an inmate health care appeal seeking medical attention and testing for possible lead and asbestos exposure.  His requests were denied by Defendants P. Earley, G. Loredo, B. Smith, Dr. Cranshaw, A.W. Deems and L.D. Zamora.  Dr. Cranshaw stated that Plaintiff "has not been identified by CALPIA as significantly exposed to lead or asbestos.  Therefore, there is nothing we [medical dept.] can do to evaluate you."  Comp. at 3O.  He also alleges that Defendant P. Earley, Administrator and Manager at the CALPIA Factory, issued a company memorandum stating that "at no time was there a correlation with the allege [sic] mattress factory lead exposure with your [Plaintiff's] time of employment and/or work location."  Comp. at 3P.  As a result of Earley's memo, Plaintiff alleges, he was denied necessary medical treatment.

Plaintiff sues Dr. Cranshaw in his individual capacity as Plaintiff's primary medical care provider at SQSP and Nurse N. Podolsky in her individual capacity at SQSP Health Care Appeals.  All other Defendants are sued in their official and individual capacities.

Based upon these allegations, Plaintiff asserts the following claims: (1) an Eighth Amendment claim against all Defendants based on their deliberate indifference to the substantial risk of serious harm from exposing Plaintiff to hazardous materials;

4

**United States District Court**
For the Northern District of California

1  (2) an Eighth Amendment claim against CALPIA and its employees for

2  failing to intervene when they became aware of Plaintiff's

3  exposure to the dangerous hazardous conditions; (3) an Eighth

4  Amendment claim against "CDCR" and its personnel for deliberate

5  indifference to Plaintiff's serious medical needs by depriving

6  Plaintiff of medical treatment; (4) a claim under the Eighth and

7  Fourteenth Amendments against Defendants SQSP Associate Warden K.

8  Mitchell, SQSP Captain P. Erickson, and SQSP Appeals Coordinator

9  S. Hay for violation of the "fraudulent concealment doctrine"

10  based on filing false workers' compensation forms into Plaintiff's

11  central file, thus hindering Plaintiff from discovering "his cause

12  of action."

13  III. Analysis

14      As Plaintiff's complaint is written, it fails to allege

15  cognizable claims against Defendants.  As stated above, liability

16  may be imposed on an individual defendant under 42 U.S.C. § 1983

17  if the plaintiff can show that the defendant's actions both

18  actually and proximately caused the deprivation of a federally

19  protected right.  This means that Plaintiff must allege that each

20  Defendant took an affirmative act, participated in another's

21  affirmative act or omitted to perform an act which he or she was

22  legally required to do, that caused the deprivation of which

23  Plaintiff complains.  Plaintiff merely alleges that all Defendants

24  in general took actions which violated his constitutional rights.

25  Plaintiff must allege the specific acts or omissions each specific

26  Defendant did that rose to the level of a constitutional

27  violation.  Plaintiff is granted leave to amend to remedy these

28  deficiencies.

A. Exposure to Hazardous Working Conditions

Plaintiff's first and second claims appear to be for violations of the Eighth Amendment's prohibition against deliberate indifference to the threat of serious harm by exposing Plaintiff to hazardous working conditions.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prisoner thus may state a § 1983 claim under the Eighth Amendment against a prison official where such official acts with "deliberate indifference" to the threat of serious harm or injury to the prisoner from dangerous prison conditions. Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (finding failure to provide safe and accessible prison environment may constitute deliberate indifference to serious risk of harm to mobility-impaired inmate); Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (finding failure to provide protective gear to inmate forced to remove asbestos constituted deliberate indifference to inmate's safety). The failure of a prison official to protect inmates from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the objective component--the deprivation alleged must be sufficiently serious, and (2) the subjective component--the prison official must possess a sufficiently culpable state of mind. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Id. at 837.

**United States District Court**
For the Northern District of California

1   Neither negligence nor gross negligence constitutes deliberate

2   indifference.  Id. at 835-36 & n.4.

3       For this cause of action, Plaintiff has alleged that the

4   deprivation, his exposure to lead and asbestos, is sufficiently

5   serious.  Plaintiff fails to allege the subjective component of

6   this claim.  Thus, for all Defendants Plaintiff wishes to sue

7   under this cause of action, he must allege how he or she knew that

8   Plaintiff faced a substantial risk of serious harm and how he or

9   she failed to take reasonable steps to abate that risk of serious

10  harm.  To establish supervisory liability, Plaintiff must allege

11  that each supervisor participated in or directed the violations,

12  or knew of the violations and failed to act to prevent them.

13  Plaintiff cannot establish supervisory liability by merely

14  alleging that a supervisor was responsible for the actions of his

15  or her subordinates.

16      B. Deliberate Indifference to Serious Medical Needs

17      Deliberate indifference to a prisoner's serious medical needs

18  violates the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97,

19  104 (1976); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

20  A "serious" medical need exists if the failure to treat a

21  prisoner's condition could result in further significant injury or

22  the "unnecessary and wanton infliction of pain."  Id.

23      The complaint adequately alleges a serious medical need.

24  Again, Plaintiff fails to allege the mental state required for an

25  Eighth Amendment claim.  A defendant is deliberately indifferent

26  if he or she knows that a prisoner faces a substantial risk of

27  serious harm and disregards that risk by failing to take

28  reasonable steps to abate it.  Id. at 837.  The defendant must not

only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  Id.  If the defendant should have been aware of the risk, but was not, then he has not violated the Eighth Amendment, no matter how severe the risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

The complaint fails to allege facts sufficient to state a claim that any Defendant acted with deliberate indifference to Plaintiff's serious medical needs.  For this claim, Plaintiff alleges that Defendants Earley, Loredo, Smith, Dr. Cranshaw, Deems and Zamora did not arrange for Plaintiff to be tested for asbestos or lead.  However, Plaintiff fails to allege that these specific Defendants knew that Plaintiff should be tested, that they had the authority to arrange for Plaintiff's testing and that, knowing that not testing Plaintiff would result in further injury or infliction of pain, they failed to do so.  Dr. Cranshaw's alleged statement that Plaintiff had not been identified as being significantly exposed to lead or asbestos and, therefore, the medical department could do nothing to evaluate Plaintiff, fails to amount to the state of mind necessary to show that Dr. Cranshaw acted with deliberate indifference.

C. Claim Based on Fraudulent Concealment Doctrine

It appears that in this claim, Plaintiff is attempting to assert a state law claim for fraud or intentional concealment. The elements of fraud in California are: (1) misrepresentation; (2) knowledge of the falsity; (3) intent to defraud; (4) the plaintiff's justifiable reliance on the misrepresentation; and

8

**United States District Court**
For the Northern District of California

1  (5) resulting damage.  <u>Saldate v. Wilshire Credit Corp.</u>, 686 F.

2  Supp. 2d 1051, 1063 (E.D. Cal. 2010).  Intentional concealment of

3  a material fact is an alternative form of fraud equivalent to

4  direct affirmative misrepresentation.  <u>Stevens v. Sup. Ct.</u>, 180

5  Cal. App. 3d 605, 608-09 (1986).  Claims of fraud must be stated

6  with particularity.  <u>See</u> Fed. R. Civ. Pro. 9(b) (party alleging

7  fraud "must state with particularity the circumstances

8  constituting fraud or mistake").  Rule 9(b)'s particularity

9  requirements apply to state as well as federal claims of fraud.

10  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103 (9th Cir. 2003).

11  To adequately plead fraud, a plaintiff must allege the

12  circumstances of the fraudulent conduct which includes the time,

13  place and nature of the alleged fraudulent activities or

14  statements.  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir.

15  2007).  When several defendants are sued in connection with an

16  alleged fraudulent scheme, the complaint does not necessarily have

17  to identify the false statements made by each defendant, but the

18  complaint must inform each defendant of the allegations

19  surrounding its alleged participation in the fraud.  <u>Id.</u> at 764-

20  65.

21      Plaintiff's allegations against Defendants Mitchell, Erickson

22  and Hay do not state with the required particularity the

23  circumstances of the fraud or intentional concealment, including

24  the time, place and nature of the fraudulent or concealed

25  statements.

26                              CONCLUSION

27      For the foregoing reasons, the Court orders as follows:

28

9

**United States District Court**
For the Northern District of California

1.   Plaintiff's complaint fails to state cognizable claims against the named Defendants.  However, Plaintiff is granted leave to amend to remedy the deficiencies noted above.

2.   If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within twenty-eight days from the date this Order is filed.  The amended complaint must include the caption and civil case number used in this order (C 13-4635 CW (PR)) and the words AMENDED COMPLAINT on the first page.

The amended complaint must indicate which specific, named Defendant(s) was involved in the deprivation of Plaintiff's constitutional rights, what each Defendant did, what effect this had on Plaintiff and what right was violated.  The best way to accomplish this would be to divide the amended complaint into sections, one section for each claim.  Under each claim Plaintiff should indicate which Defendant or Defendants he is suing for that violation and the conduct of each Defendant that violated that particular constitutional right.

Plaintiff may not incorporate material from the prior complaint by reference.

Failure to file an amended complaint within twenty-eight days and in accordance with this Order will result in a finding that further leave to amend would be futile, and the case will be dismissed.

3.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this

1  action for failure to prosecute pursuant to Federal Rule of Civil

2  Procedure 41(b).

3      IT IS SO ORDERED.

4

5  Dated: 1/13/2014

6                                    CLAUDIA WILKEN

7                                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11