IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN JAY HUTCHISON,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA PRISON INDUSTRY AUTHORITY, et al.,<br><br>          Defendants. | Case No.: C 13-4635 CW (PR)<br><br>ORDER OF SERVICE OF AMENDED COMPLAINT |

INTRODUCTION

Plaintiff Edwin Jay Hutchison, a state prisoner incarcerated at San Quentin State Prison (SQSP), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by the California Prison Industry Authority (CALPIA), operating under the auspices of the California Department of Corrections and Rehabilitation (CDCR), and individuals who are employees of CALPIA or of SQSP. On January 13, 2014, the Court dismissed with leave to amend the claims asserted by Plaintiff because he did not causally connect the actions of each Defendant to the alleged constitutional deprivations. On February 6, 2014, Plaintiff filed his First Amended Complaint (1AC), which the Court now reviews.

DISCUSSION

I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. Lemire v. California Dept. Corrections & Rehabilitation, 726 F.3d 1062, 1074 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do,

that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under § 1983. Lemire, 726 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. This includes allegations that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

II. Plaintiff's Allegations

In his 1AC, Plaintiff asserts: (1) an Eighth Amendment claim for deliberate indifference to the serious risk of harm from exposing him to asbestos and lead at the CALPIA furniture factory where he worked; (2) a state law claim against the CALPIA under

California Government Code section 835,[1] which provides that a public entity is liable for injury proximately caused by a dangerous condition on its property; (3) an Eighth Amendment claim for deliberate indifference to his serious medical need by failing to provide testing to determine his exposure to asbestos or lead; and (4) a state law claim for fraudulent concealment.

A. Claim for Deliberate Indifference to Serious Risk of Harm

The legal standard for this Eighth Amendment claim was provided in the Court's Order dismissing the complaint with leave to amend. See Doc. no. 5 at 6-7. Plaintiff names the following Defendants in this claim: (1) Ronald Glass, CALPIA Industrial Supervisor; (2) Gary S. Loredo, CALPIA Superintendent II; (3) Philip Earley, CALPIA Industries Administrator/Lead Manager; (4) Luu Rogers, CALPIA Industrial Supervisor/Health and Safety Coordinator; (5) John Walker, SQSP Health and Safety Manager; (6) Elizabeth Babcock, SQSP Hazardous Material Specialist; (7) Brad Smith, Branch Manager at CALPIA Sacramento Headquarters; (8) Charles Pattillo, General Manager at CALPIA Sacramento Headquarters; and (9) Kevin Chappell, SQSP Warden.

In the Order of Dismissal, the Court found that Plaintiff's allegations of exposure to lead and asbestos were sufficiently serious to fulfill the objective requirement of an Eighth Amendment violation but that he had failed to allege the subjective component of the claim. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). For Plaintiff to remedy this deficiency,

---

[1] Plaintiff refers to California Government Code section 830, but he quotes from California Government Code section 835. The latter appears to be the relevant statute.

the Court indicated that he must allege how each Defendant knew that he faced a substantial risk of serious harm and how that Defendant failed to take reasonable steps to abate that risk of serious harm.

Plaintiff's amended allegations indicate what each Defendant knew about the hazardous conditions at the furniture factory, that each Defendant had a responsibility to remedy the hazardous conditions, and that each Defendant failed to do so.  The amended allegations are sufficient to state a cognizable Eighth Amendment against all the above-named Defendants.

B. Public Entity Liability Claim Against CALPIA

Plaintiff alleges that CALPIA, operating under the auspices of the CDCR, is a public entity responsible for the operation of the furniture factory where Plaintiff worked.  At that factory, Plaintiff was allegedly exposed to the hazardous conditions of latent asbestos fibers and lead-based paints.  Plaintiff alleges that CALPIA was responsible for creating these dangerous conditions and failed to remedy them, even after it became aware of their existence.

California Government Code section 835 provides:

> Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

5

>(b) The public entity had actual or constructive notice of the dangerous condition under section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Cal. Gov. Code § 835.

Liberally construed, Plaintiff's allegations state a claim against CALPIA under section 835.

C. Claim for Deliberate Indifference to Serious Medical Needs

The legal standard for this Eighth Amendment claim also was provided in the Court's Order dismissing the complaint with leave to amend. See Doc. no. 5 at 7-8. Plaintiff names the following Defendants in this claim: (1) Dr. John Cranshaw, Plaintiff's primary care provider (PCP) during the time at issue; (2) R. Dixon, RN, who denied Plaintiff's appeal pertaining to his lack of adequate medical treatment at the first level of review; (3) Andrew W. Deems, Chief Executive Officer (CEO) of SQSP Health Care Services, who denied Plaintiff's appeal at the second level of review; (4) C. Harless, Health Care Appeals Coordinator, who denied Plaintiff's request for an interview regarding the delay in the response to his original appeal; and (5) Chief L.D. Zamora, who denied Plaintiff's appeal at the third level of review.

In its previous Order, the Court found that Plaintiff had alleged a serious medical need, but had failed to allege that Defendants were aware that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.

In his 1AC, Plaintiff alleges the following against Dr. Cranshaw. On July 4, 2012, while Plaintiff was working at the CALPIA factory, he submitted a health care services request form to Dr. Cranshaw seeking comprehensive blood and lungs testing for

possible exposure to lead and/or asbestos while he was assigned to the CALPIA furniture factory.  1AC, Ex. R.  On July 5, 2012, Dr. Cranshaw mailed a note to Plaintiff stating, "Plaintiff have [sic] not been identified by PIA as significantly exposed to lead or asbestos.  Therefore, there is nothing we [SQSP Medical Department] can do to evaluate you.  IF you believe you are significantly exposed, please discuss it with the appropriate individuals in the PIA."  1AC, Ex. R.

Plaintiff alleges that Dr. Cranshaw's denial of testing was the result of action by P. Early who had notified the SQSP Medical Department of the inmates to be tested as a result of a June 6, 2012 exposure incident.

Plaintiff claims that Dr. Cranshaw's reliance on P. Early's notification was contrary to recognized rules and procedures which provide that only health care staff are authorized to diagnose illnesses, prescribe medication and treat inmates and, because Dr. Cranshaw did not obey these procedures, he was deliberately indifferent toward Plaintiff's serious medical needs.

Even if Dr. Cranshaw's reliance on P. Early's notification violated prison regulations, it does not rise to the level of deliberate indifference.  The allegations show that Plaintiff submitted one request for testing to Dr. Cranshaw based on his possible exposure to asbestos or lead while working at the CALPIA factory, which Dr. Cranshaw denied.  The denial of one request for testing, without more, does not show deliberate indifference.  Furthermore, even though Plaintiff alleges in his 1AC that, from August 2009 to the present he suffers from severe pain, frequent headaches, nasal and sinus problems, coughing and chest pains, see 1AC at 12, in his request for testing, Plaintiff did not inform

7

Dr. Cranshaw that he had any physical signs or symptoms from asbestos or lead exposure, see 1AC, Ex. R.  Thus, Plaintiff's allegations fail to show that, at the time Dr. Cranshaw denied Plaintiff's request, he was aware that Plaintiff had a serious medical need and that his denial of testing would create a substantial risk of serious harm.  Accordingly, the Eighth Amendment claim against Dr. Cranshaw is dismissed, without leave to amend further.

Plaintiff alleges that Nurse Dixon denied his first level appeal for medical testing.  In her denial, Nurse Dixon wrote that Plaintiff was not "identified by P. Earley on the day of the incident.  Plaintiff can go to the PIA supervisor to file a workman's compensation form and the medical department will address any and all medical issue reported.  At this time there is no definitive test for exposure to asbestos."

Plaintiff argues that Nurse Dixon was deliberately indifferent to his medical needs because she should have provided Plaintiff with the "mandatory medical questionnaire" which must be administered to all employees who are exposed to asbestos.  He also alleges that, contrary to Nurse Dixon's statement, tests for exposure to asbestos do exist.  For the same reasons discussed above in regard to Dr. Cranshaw, these allegations are insufficient to state a claim for deliberate indifference against Nurse Dixon.  Furthermore, the denial of an administrative grievance does not amount to a constitutional violation.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no federal constitutional right to a prison administrative appeal or grievance system for California inmates); Mann v. Adams, 855 F.2d

8

639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996).

Plaintiff alleges that CEO Deems, C. Harless and L.D. Zamora are also liable because they denied his appeals at higher levels of review.  For the reasons discussed above, these allegations are insufficient to state an Eighth Amendment claim against these Defendants.  See Ramirez, 334 F.3d at 860.  Accordingly, the Eighth Amendment claim based on the allegations that Defendants denied Plaintiff's appeals is dismissed without leave to amend further.

However, Plaintiff also alleges that Deems, as CEO of SQSP Health Care Services, created a policy, custom and practice of denying prisoners, including Plaintiff, adequate medical attention and treatment for exposure to asbestos, as evidenced by CEO Deems's delay and denial of testing Plaintiff for signs and symptoms of asbestos or lead exposure.  As stated above, a supervisor may be liable if he implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Redman, 942 F.2d at 1446; Jeffers, 267 F.3d at 917.  Although Dr. Cranshaw did not have sufficient information to be aware that his denial of testing might cause a serious risk to Plaintiff's health, Defendant Deems, as CEO of SQSP Health Care Services, allegedly knew or should have known of a risk of exposure to asbestos and lead at the CALPIA factory, and yet did not implement a policy that allowed Plaintiff, who feared he had been exposed to asbestos and lead, to be tested for such.  Liberally construed, this alleges a policy so deficient that the policy itself is a repudiation of constitutional rights.  Therefore, Plaintiff

9

sufficiently alleges an Eighth Amendment violation against CEO Deems.

D. Claim for Fraudulent Concealment

Plaintiff sues SQSP Appeals Coordinator Steve Hay and SQSP Correctional Officer Keith Davis for fraudulent concealment. Plaintiff alleges that Appeals Coordinator Hay received a directive to decide Plaintiff's appeal, regarding unsafe conditions, within thirty days. Although Plaintiff's next allegations are difficult to follow, it appears that he faults Appeals Coordinator Hay for writing that B. Smith, PIA Branch Manager, was no longer available when Appeals Coordinator Hay knew that B. Smith was available. Plaintiff argues that this, and the fact that Appeals Coordinator Hay responded after the thirty-day deadline, show that Appeals Coordinator Hay is liable for fraudulent concealment because he "assisted the Defendants from answering their own wrongs" and hindered Plaintiff "from discovering his course of action in this matter, thereby preventing Plaintiff's due process of exhausting administrative remedies." 1AC at 61-61. On April 12, 2013, Plaintiff received notice from Appeals Coordinator Hay that his appeal was screened out and rejected. On May 13, 2013, approximately ten months after Plaintiff's original filing, his appeal was denied at the third level of review. Plaintiff claims that this also shows that Appeals Coordinator Hay intentionally concealed and misrepresented material facts under a "Code of Silence" which encourages prison employees to remain silent about improper behavior of their fellow employees.

These allegations do not state a claim against Appeals Coordinator Hay. As discussed above, the denial of an appeal does

not rise to the level of a constitutional violation.  Further, Plaintiff does not sufficiently allege the elements of common law fraud or fraudulent concealment.  Therefore, this claim against Appeals Coordinator Hay is dismissed.  Dismissal is without leave to amend further because Plaintiff has had an opportunity to remedy this claim and has failed to do so.

Plaintiff alleges that Officer Davis observed the dangerous conditions from asbestos at the CALPIA furniture factory when supervising Plaintiff's work detail, but remained silent.  Based on this, Plaintiff claims that Officer Davis is liable for implementing the Code of Silence regarding the improper behavior of other employees.

This allegation is insufficient to state a claim against Officer Davis.  Officer Davis may not have been aware of any danger from asbestos exposure.  This can be inferred from the fact that Officer Davis's presence in the factory supervising Plaintiff's work detail may have exposed him to the same hazardous conditions as Plaintiff.  Furthermore, the allegations are insufficient to state a claim for fraud or fraudulent concealment.

Therefore, this claim against Officer Davis is dismissed.  Dismissal is without leave to amend further because Plaintiff has had an opportunity to remedy this claim and has failed to do so.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff fails to state a cognizable claim for fraudulent concealment.  This claim is dismissed without leave to amend.

2. Plaintiff fails to state a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against

11

Dr. Cranshaw. He also fails to state this Eighth Amendment claim against Nurse Dixon, CEO Deems, C. Harless and L. D. Zamora based on their denial of his appeals. The claim against these Defendants is dismissed without leave to amend. However, Plaintiff states a cognizable Eighth Amendment claim against CEO Deems who, as CEO of the Health Services Department, allegedly created a policy, custom or practice of failing to test inmates who may have been exposed to asbestos.

3. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to hazardous conditions against all the Defendants he names in that claim. Plaintiff also states a cognizable state law claim against CALPIA.

4. In order to encourage the just, speedy and inexpensive determination of 42 U.S.C. § 1983 cases filed in this district, the parties may waive their right to proceed before a district judge and consent to proceed before a magistrate judge for all purposes. Attached to this Order is a Notice of Option to Consent to Proceed Before United States Magistrate Judge and an Order requiring the parties to notify the Court whether they consent or decline to so proceeding. The parties shall complete the requisite consent or declination form and return it to the Court no later than thirty days from the date of this Order.

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the 1AC (docket no. 6) and all attachments thereto, a copy of this Order, the Order Dismissing Claims with Leave to Amend, (docket no. 5), and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to SQSP employees John Walker, Health and Safety Manager; Elizabeth

12

Babcock, Hazardous Material Specialist; Kevin Chappell, Warden; and A. Deems, CEO of Health Services and to CALPIA employees Ronald Glass, Industrial Supervisor; Gary S. Loredo, Superintendent II; Philip Earley, Industries Administrator/Lead Manager; Luu Rogers, Industrial Supervisory/Health and Safety Coordinator; Brad Smith, Branch Manager; and Charles Pattillo, General Manager.  The Clerk shall send the same documents to CALPIA in care of its chief executive officer or other agent authorized by law to receive service of process.  The Clerk shall also mail a copy of the 1AC and a copy of this Order and the Order Dismissing Claims with Leave to Amend to the California Attorney General's Office.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

    6.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

    Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties

13

of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than thirty days from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive motion and opposition to Plaintiff's motion for a preliminary injunction. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and Stratton v. Buck, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss.

   b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

14

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.

9. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely

15

1  fashion.  Failure to do so may result in the dismissal of this
2  action for failure to prosecute pursuant to Federal Rule of Civil
3  Procedure 41(b).
4       11.  Extensions of time are not favored, though reasonable
5  extensions will be granted.  Any motion for an extension of time
6  must be filed no later than fourteen days prior to the deadline
7  sought to be extended.
8       IT IS SO ORDERED.

Dated: 4/4/2014

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE