United States District Court
Northern District of California

1

2            UNITED STATES DISTRICT COURT

3           NORTHERN DISTRICT OF CALIFORNIA

4

5   EDWIN JAY HUTCHISON,                Case No.  13-cv-04635-CW

            Plaintiff,
6                                       ORDER GRANTING, IN PART,
                                        DEFENDANTS' MOTION TO DISMISS,
7        v.                             DENYING AS MOOT DEFENDANTS'
                                        MOTION TO STAY DISCOVERY AND
8   CALIFORNIA PRISON INDUSTRY          PLAINTIFF'S MOTION FOR
    AUTHORITY, et al.,                  ADDITIONAL TIME TO CONDUCT
9                                       DISCOVERY AND DENYING
            Defendants.                 PLAINTIFF'S SECOND MOTION TO
10                                      APPOINT COUNSEL

11                                      Re: Dkt. Nos. 23, 30-32

12

13        Plaintiff Edwin Jay Hutchison, a state prisoner incarcerated

14   at San Quentin State Prison (SQSP), filed a pro se civil rights

15   action pursuant to 42 U.S.C. § 1983, seeking damages for the

16   alleged violation of his constitutional rights by the California

17   Prison Industry Authority (CALPIA), operating under the auspices

18   of the California Department of Corrections and Rehabilitation

19   (CDCR), and individuals who are employees of CALPIA or of SQSP.

20   On April 4, 2014 the Court ordered service of the following

21   cognizable claims: (1) an Eighth Amendment claim for deliberate

22   indifference to serious medical needs against Andrew Deems, Chief

23   Executive Officer of Health Care Services at SQSP, for creating a

24   policy, custom or practice of failing to test inmates who may

25   have been exposed to asbestos; (2) an Eighth Amendment claim for

26   deliberate indifference to hazardous conditions against CALPIA

27   and employees of CALPIA and SQSP; and (3) a state law claim

28   against CALPIA for violation of California Government Code

section 835 which provides that a public entity is liable for injury caused by a dangerous condition on its property if certain conditions are met.

On July 7, 2014, Defendants filed a motion to dismiss, arguing that CALPIA is immune from suit under the Eleventh Amendment and that res judicata bars the litigation of the Eighth Amendment claims against all Defendants.  This motion is fully briefed.[1]  Defendants filed a motion and an amended motion for judicial notice of documents filed in Plaintiff's state court case, in which he asserted negligence claims against six CALPIA employees.[2]  On September 11, 2014, Defendants filed a motion to stay discovery pending the ruling on the motion to dismiss, which Plaintiff opposes.  On November 20, 2014 Plaintiff filed a motion for additional time to conduct discovery, which Defendants oppose.  On November 28, 2014, Plaintiff filed a second motion to appoint counsel.  For the reasons discussed below, the motion to dismiss is granted, in part, the motions to stay discovery and to extend the time for discovery are denied as moot and the motion

---

[1] Defendants assert new arguments in their reply based on insufficient allegations in the complaint.  The Court does not address these arguments because, as discussed below, Defendants' motion to dismiss these claims based on res judicata is granted.

[2] The Court takes notice of Exhibits A-C, the state court documents, in the amended motion for judicial notice.  See Fed. R. Evid. 201(b); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (court may judicially notice facts not subject to reasonable dispute, including undisputed matters of public record).  The Court does not take notice of Exhibits D and E, which are not relevant to the issues of res judicata or Eleventh Amendment immunity.  Plaintiff's request that Defendants be required to re-file this motion as a summary judgment motion based on the amended motion for judicial notice is denied because the Court only takes notice of documents in Plaintiff's state court case, to which Plaintiff had access.

1  to appoint counsel is denied.

2                              DISCUSSION

3  I. Eleventh Amendment Immunity

4       Defendants argue that Plaintiff's Eighth Amendment claim for

5  damages against CALPIA is barred by the Eleventh Amendment.

6       The Eleventh Amendment to the United States Constitution

7  bars from the federal courts suits against a State by its own

8  citizens, citizens of another State, or citizens or subjects of

9  any foreign State.  Atascadero State Hosp. v. Scanlon, 473 U.S.

10 234, 237-38 (1985) (abrogated on other grounds as noted in Lane

11 v. Pena, 518 U.S. 187, 198 (1996)).  Unless a State has waived

12 its Eleventh Amendment immunity or Congress has overridden it, a

13 State cannot be sued regardless of the relief sought.  Kentucky

14 v. Graham, 473 U.S. 159, 167 n.14 (1985).  Eleventh Amendment

15 immunity extends to suits against a state agency, Brown v. Cal.

16 Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (California

17 Department of Corrections and California Board of Prison Terms

18 entitled to Eleventh Amendment immunity), and to suits for

19 damages against state officials sued in their official

20 capacities, Kentucky v. Graham, 473 U.S. 159, 169-70 (1985).

21 California has not waived its Eleventh Amendment immunity with

22 respect to claims brought under 42 U.S.C. § 1983 in federal

23 court.  Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir.

24 1999).  Therefore, if CALPIA is a state agency, both it and its

25 employees sued in their official capacities are immune from suit

26 for damages on Plaintiff's Eighth Amendment claims.

27      In his amended complaint, Plaintiff alleges that CALPIA is a

28 public agency.  See Am. Comp. at 48, ¶ 97.  Nevertheless, in his

United States District Court
Northern District of California

3

opposition to the motion to dismiss, Plaintiff, citing California Penal Code section 2808, argues that CALPIA is not a public agency because it is financially self-supporting and its board of directors has all the powers and liabilities of a board of directors of a private corporation.

California Penal Code section 2800 clearly states that CALPIA is an entity within the CDCR and California Penal Code section 2802 provides that the Prison Industry Board also is an entity within the CDCR.  The fact that CALPIA is an entity within the CDCR, which itself is a state agency, shows that CALPIA also is a state agency.  The fact that CALPIA may be financially self-supporting or that its board may have been granted authority similar to boards of a private corporation does not overcome the simple fact that CALPIA's existence is derived from that of the CDCR.

Because CALPIA is a public agency, Plaintiff's Eighth Amendment claims against CALPIA, and its employees in their official capacities, are dismissed as barred by the Eleventh Amendment.[3]  Dismissal is with prejudice because amendment would be futile.

II. Doctrine of <u>Res Judicata</u>

Defendants argue that the doctrine of <u>res judicata</u> bars litigation of Plaintiff's Eighth Amendment claims in this case because his previous state court negligence action arose out of the same transactions and occurrences or the same cause of action

---

[3] Eleventh Amendment immunity does not bar Plaintiff's claims against Defendants sued in their individual capacities.  <u>See</u> <u>Graham</u>, 473 U.S. at 165-66.

United States District Court
Northern District of California

1  upon which his current claims are based, it was dismissed on the
2  merits and the parties in the two actions are the same or
3  privies.

4     A. Legal Standard

5     Under res judicata, a final judgment on the merits bars
6  further claims by parties or their privies based on the same
7  cause of action.  Montana v. United States, 440 U.S. 147, 153
8  (1979).

9     The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738,
10  requires that a federal court give to a state court judgment the
11  same preclusive effect as would be given that judgment under the
12  law of the state in which the judgment was rendered.  Migra v.
13  Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).
14  Under California law, res judicata, commonly known as claim
15  preclusion, prohibits a second lawsuit involving the (1) same
16  controversy (2) between the same parties or their privies (3) so
17  long as the prior lawsuit resulted in a final judgment on the
18  merits.  Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896–97
19  (2002).

20     B. Analysis

21     In the state court action, Plaintiff asserted negligence
22  claims against five CALPIA employees and one SQSP employee based
23  upon allegations similar to those he asserts in his federal
24  complaint.  Amended Request for Judicial Notice (ARJN), Ex. A.
25  In the state action, the six defendants moved for judgment on the
26  pleadings, arguing that Plaintiff's negligence claims were barred
27  by the exclusivity provisions of the Workers' Compensation law
28  under California Labor Code sections 3370 and 3601.  ARJN, Ex. B.

United States District Court
Northern District of California

5

In a two-page order, the state Superior Court granted Defendants'
motion, concluding that "Labor Code § 3370(a)(9) is the exclusive
remedy against the state for injuries occurring while the inmate
is engaged in assigned work or work under contract.  On this
record, Plaintiff's alleged injuries are exclusively compensable
under the Workers' Compensation law, and he is barred from
bringing this tort action."  ARJN, Ex. C, Hutchison v. CALPIA,
case no. CIV-1300339, Order Granting Defendants' Motion for
Judgment on the Pleadings (Super. Ct. Sept. 26, 2013).

      1. Privity

      Privity, for purposes of res judicata, refers "to a mutual
or successive relationship to the same rights of property, or to
such an identification in interest of one person with another as
to represent the same legal rights . . . and, more recently, to a
relationship between the party to be estopped and the
unsuccessful party in the prior litigation which is 'sufficiently
close' so as to justify application of the doctrine of collateral
estoppel" or res judicata.  Citizens for Open Access to Sand and
Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1069-70
(1998); see also Rynsburger v. Dairymen's Fertilizer Co-op, Inc.,
266 Cal. App. 2d 269, 275-76 (1968)("Privity involves a person so
identified in interest with another that he represents the same
legal right.").  If a particular party, although not before the
court in the previous action, "is so far represented by others
that his interest received actual and efficient protection, the
first judgment will be held to be binding upon that party."  Id.
at 277.

      Plaintiff, the party against whom res judicata is asserted,

6

1  was the unsuccessful party in the state negligence action.

2  Therefore, the plaintiff is the same in both actions.

3      Plaintiff, citing Andrews v. Daw, 201 F.3d 521, 525 (4th

4  Cir. 2000), argues that the defendants in the two cases are not

5  the same, or in privity, because government employees sued in

6  their official capacity are not in privity with the same

7  employees sued in their individual capacity.  However, privity is

8  relevant with regard to the party against whom res judicata is

9  being asserted.  Because Plaintiff was the unsuccessful party in

10  the prior state court proceeding, the relevant parties are the

11  same.

12      Furthermore, even if California res judicata law required

13  Defendants in this suit to be in privity with the defendants in

14  the state suit, they are.  This is because Defendants in this

15  case are alleged to have engaged in the same conduct as that of

16  the state court defendants and the defendants in both cases are

17  employees of same state agencies.  There is such identification

18  in interest among all defendants as to represent the same legal

19  rights.

20      Therefore, the res judicata requirement for privity is

21  satisfied.

22          2. Final Judgment on the Merits

23      A judgment is considered to be on the merits if it is

24  rendered upon consideration of the legal claim, as distinguished

25  from consideration of procedural matters such as subject-matter

26  or personal jurisdiction, service of process, venue or other

27  grounds that do not address the legal or factual sufficiency of

28  the claim for relief.  Robinson v. Sup. Ct., 35 Cal. 2d 379, 384-

85 (1950).  A dismissal with prejudice is a final judgment on the merits which precludes the plaintiff from relitigating that cause of action.  <u>Alpha Mechanical, Heating, Air Conditioning, Inc. v. Travelers Cas. & Sur. Co. of Am.</u>, 133 Cal. App. 4th 1319, 1330-31 (2005).

On September 26, 2013, the state Superior Court dismissed with prejudice Plaintiff's negligence claims by granting the defendants' motion for judgment on the pleadings, determining that California's Workers' Compensation statutes preempted Plaintiff's negligence claims because they were based on actions that occurred within the scope of Plaintiff's employment.  The court entered a judgment thereon.  Neither party indicates that Plaintiff appealed this decision to the California Court of Appeal or the California Supreme Court.  The Superior Court judgment became final when the time for Plaintiff to appeal expired.  <u>See</u> Cal. R. Ct. 8.212(a) (time to file appeal).

Therefore, the <u>res judicata</u> requirement for a final judgment on the merits is satisfied.

3. Primary Right

Unlike federal courts, which apply a "transactional nucleus of facts" test, in California, a final judgment in state court precludes further proceedings if it is based on the same cause of action.  <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting <u>Maldonado v. Harris</u>, 370 F.3d 945, 951 (9th Cir. 2004)).  "[A] cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty.'"  <u>Id.</u> (quoting <u>City of</u>

8

<u>Martinez v. Texaco Trading & Transp., Inc.</u>, 353 F.3d 758, 762 (9th Cir. 2003)). "If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief, and/or adds new facts supporting recovery." <u>Id.</u>; <u>see also</u> <u>Maldonado</u>, 370 F.3d at 952-53 (defining "primary right" as right to be free of the particular injury suffered; primary right in state nuisance suit brought by state against billboard owner was right to highways free of advertising, whereas primary right in federal § 1983 suit by owner was right to advertise freely on his property).

Under California law, not all claims that could have been brought in the state court case are barred in a later action; rather, only those claims that derive from the same primary right are precluded. <u>Brodheim</u>, 584 F.3d at 1268 n.2 (citing <u>Grisham v. Philip Morris U.S.A, Inc.</u>, 40 Cal. 4th 623, 641 (2007)).

Plaintiff's Eighth Amendment claim against CEO Deems does not allege the same wrong or harm as Plaintiff's state court negligence claims.  The wrong allegedly committed by CEO Deems is the creation of a policy, custom and practice of denying prisoners, including Plaintiff, adequate medical attention and treatment for exposure to asbestos.  The harm Plaintiff allegedly experienced was his inability to receive adequate and timely medical testing and treatment.  This is not the same wrong and harm alleged in the negligence claims, which focused on Defendants' failure to protect or warn Plaintiff of his exposure to hazardous working conditions and Plaintiff's physical

9

1    impairments resulting from such exposure.  Therefore, Plaintiff's

2    claim against CEO Deems does not involve the same primary right

3    as his negligence claims and it is not barred by res judicata.

4         Plaintiff's Eighth Amendment claim for deliberate

5    indifference to the threat of serious harm and Plaintiff's state

6    negligence claims do involve the same wrong by Defendants——their

7    failure to protect and warn Plaintiff against hazardous working

8    conditions and their failure to refer Plaintiff for testing for

9    physical symptoms resulting from the hazardous conditions.  The

10   cases also involve the same injury to Plaintiff——serious physical

11   impairments resulting from his exposure to the hazardous

12   conditions.  Accordingly, these claims involve the same primary

13   right.  Under California law, this Eighth Amendment claim is

14   barred by res judicata.

15        Likewise, Plaintiff's statutory claim against CALPIA for

16   violating California Government Code section 835 involves the

17   same primary right as his negligence claims.  The statutory claim

18   and the negligence claims involve the same harm——allowing

19   Plaintiff to be exposed to hazardous conditions at the CALPIA

20   work site——and the same injury——Plaintiff's physical impairments

21   resulting from his exposure to such hazardous conditions.

22   Therefore, the section 835 claim against CALPIA is barred by res

23   judicata.

24        Plaintiff argues res judicata does not apply because he did

25   not assert his Eighth Amendment claims in state court.  The fact

26   that Plaintiff did not assert his federal claims in his state

27   court case does not determine whether res judicata bars his

28   federal claims; as discussed above, res judicata applies if the

United States District Court
Northern District of California

10

claims in the two suits concern the same primary right.

Plaintiff also argues that res judicata does not apply because, one day before his state case was decided, Defendants informed the State Compensation Insurance Fund that Plaintiff suffered from "industrial lungs injury" as a result of lead and asbestos exposure caused by Defendants and that, after his case was dismissed, Plaintiff was informed that "liability for his injuries has been accepted." Plaintiff contends that this new evidence means that Defendants have a different burden of proof on his federal claims than his state claims. This argument is unavailing. The acceptance of coverage by the State Compensation Insurance Fund only confirms that Plaintiff's injuries lie within the jurisdiction of the Workers' Compensation statutes.

Plaintiff argues that res judicata does not apply because his federal claims are not preempted by Workers' Compensation. Workers' Compensation preemption also is not relevant to whether res judicata applies; the only relevant factor is whether the claims involve the same primary right. Further, California courts have held that claims arising from injuries related to asbestos and other hazardous working conditions are preempted by Workers' Compensation. See Johns-Manville Prods. Corp. v. Sup. Ct., 27 Cal. 3d 465, 473-74 (1980) (workers' compensation statutes provide exclusive remedy for injuries suffered because employer made false representations about, or concealed dangers inherent in, a material employee was required to handle; workers' compensation precluded claims based on employer's malicious misconduct in allowing employee to use machine without proper instruction).

1    However, Johns-Manville also held that the plaintiff's

2   allegations "that the defendant fraudulently concealed from him

3   and from doctors retained to treat him, as well as from the

4   state, that he was suffering from a disease caused by ingestion

5   of asbestos, thereby preventing him from receiving treatment for

6   the disease and inducing him to continue to work under hazardous

7   conditions" were sufficient to state a cause of action for

8   aggravation of the disease, "as distinct from the hazards of the

9   employment which caused him to contract the disease," and this

10   claim was not preempted by workers' compensation.  Id. at 477.

11    The Johns-Manville holding supports the conclusion that a

12   claim based on the aggravation of Plaintiff's disease may involve

13   a different injury and different wrong than the initial injury

14   and wrong associated with the employment conditions that caused

15   the disease.  This means that a claim for aggravation of

16   Plaintiff's disease would not be barred by res judicata.

17   Although Plaintiff does not assert an Eighth Amendment claim for

18   the aggravation of his disease, based on his allegations, he may

19   be able to do so.  Therefore, if he wishes to do so, he is

20   granted leave to amend to add such a claim against defendants in

21   their individual capacities; Eleventh Amendment immunity bars

22   this claim against the agency or official capacity defendants.

23   III. Motions to Stay Discovery and to Extend Discovery

24    Defendants move for a stay of discovery until this Court

25   rules on their motion to dismiss.  Because this Order addresses

26   Defendants' motion to dismiss, their motion to stay discovery is

27   denied as moot.

28    Plaintiff moves to extend discovery to obtain more

12

documentary evidence relevant to all of his claims. As discussed above, all but one of Plaintiff's claims are dismissed.  Plaintiff's discovery requests regarding the dismissed claims are no longer relevant.  Discovery relevant to Plaintiff's claim against CEO Deems, which has not been dismissed, may proceed in accordance with the Federal Rules of Civil Procedure.  Therefore, Plaintiff's motion to extend discovery is also denied as moot.

IV. Second Motion for Appointment of Counsel

Plaintiff moves for appointment of counsel because cases involving asbestos exposure are complex and a lawyer will be able to assist Plaintiff in applying federal law appropriately, obtain necessary discovery, depose witnesses and investigate the facts.

"[I]t is well-established that there is generally no constitutional right to counsel in civil cases."  United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996).  Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint volunteer counsel for "any person unable to afford counsel."  The discretionary appointment of counsel typically is reserved for cases involving "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision."  Id.

In its Order denying Plaintiff's first request for the

United States District Court
Northern District of California

appointment of counsel, the Court stated:

> Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED. If, in the future, the Court concludes it is necessary to appoint counsel to represent Plaintiff, it shall do so on its own motion.

Dkt. No. 20 at 2.

For the same reasons, the Court denies Plaintiff's second motion for appointment of counsel.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss is granted, in part.

a. Plaintiff's constitutional claims against CALPIA and its employees sued in their official capacities are barred by the Eleventh Amendment; these claims are dismissed with prejudice because amendment would be futile.

b. Plaintiff's Eighth Amendment claims against all Defendants, except for CEO Deems, based on deliberate indifference to hazardous conditions and Plaintiff's statutory claim against CALPIA are barred by the doctrine of res judicata. These claims are dismissed with prejudice because amendment would be futile.

c. Plaintiff's Eighth Amendment claim against CEO Deems for deliberate indifference to Plaintiff's serious medical needs is not barred by res judicata; therefore, it is not dismissed.

2. Plaintiff may, but is not required to, file an amended complaint asserting an Eighth Amendment claim against specific Defendants, in their individual capacity, based on allegations of specific conduct undertaken by them that prevented or delayed

14

Plaintiff from receiving medical treatment so as to aggravate his disease.

In the amended complaint, Plaintiff may only assert these two claims: (1) an Eighth Amendment claim against CEO Deems; and (2) an Eighth Amendment claim for deliberate indifference to his medical needs based on actions taken by named Defendants in their individual capacities that aggravated his disease.  He may not include any other claims in his amended complaint.

The amended complaint is due within twenty-eight (28) days from the date of this Order.  If Plaintiff does not file an amended complaint within this time, his remaining Eighth Amendment claim against CEO Deems shall proceed.

For his amended complaint, Plaintiff shall use the Court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 13-4635 CW (PR), and the heading "SECOND AMENDED COMPLAINT."

3. If Plaintiff does not file a Second Amended Complaint, CEO Deems' dispositive motion is due twenty-eight days after Plaintiff's Second Amended Complaint was due.  Plaintiff's opposition is due twenty-eight days thereafter.  CEO Deems shall file his reply fourteen days after Plaintiff's opposition is filed.  If Plaintiff files a Second Amended Complaint, a new briefing schedule for CEO Deems' dispositive motion shall be provided in the Court's order reviewing the Second Amended Complaint.

4. Defendants' motion to stay discovery and Plaintiff's motion to extend discovery are denied as moot.  Doc. nos. 30, 31.

15

United States District Court
Northern District of California

Discovery on the claim against CEO Deems may proceed in accordance with the Federal Rules of Civil Procedure.

    5. Plaintiff's second motion to appoint counsel is denied. Doc. no. 32.

    6. This Order terminates docket numbers 23 and 30-32.

    7. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form with this Order.

    IT IS SO ORDERED.

Dated:  January 14, 2015

_____
CLAUDIA WILKEN
United States District Judge

16