UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN JAY HUTCHISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA PRISON INDUSTRY<br>AUTHORITY, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-04635-CW<br><br>ORDER REVIEWING SECOND AMENDED COMPLAINT AND ISSUING BRIEFING SCHEDULE FOR TWO COGNIZABLE CLAIMS |

　　　Plaintiff Edwin Jay Hutchison, a state prisoner incarcerated at San Quentin State Prison (SQSP), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, seeking damages for the alleged violation of his constitutional rights by the California Prison Industry Authority (CALPIA), operating under the auspices of the California Department of Corrections and Rehabilitation (CDCR), and individuals who are employees of CALPIA or of SQSP. On April 4, 2014 the Court ordered service of the following cognizable claims: (1) an Eighth Amendment claim for deliberate indifference to serious medical needs against Andrew Deems, Chief Executive Officer of Health Care Services at SQSP, for creating a policy, custom or practice of failing to test inmates who may have been exposed to asbestos; (2) an Eighth Amendment claim for

deliberate indifference to hazardous conditions against CALPIA and employees of CALPIA and SQSP; and (3) a state law claim against CALPIA for violation of California Government Code section 835. On January 14, 2015, the Court issued an order granting, in part, Defendants' motion to dismiss, in which it dismissed all claims with the exception of an Eighth Amendment claim against CEO Deems for creating a policy, custom or practice of failing to test inmates who may have been exposed to asbestos and lead. The Court granted Plaintiff leave to file a second amended complaint (2AC) asserting an Eighth Amendment claim against specific defendants, in their individual capacities, based on allegations of conduct undertaken by them that prevented or delayed Plaintiff from receiving medical treatment for symptoms caused by exposure to asbestos. Plaintiff timely filed a 2AC, which the Court now reviews.

## DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must

allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. Lemire v. Cal. Dept. Corrections & Rehabilitation, 756 F.3d 1062, 1074 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under § 1983. Lemire, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

II. Plaintiff's Allegations

In his 2AC, Plaintiff alleges the following occurred during the relevant time period. As a result of being exposed to asbestos while he was an employee at the CALPIA furniture factory, Plaintiff suffers from industrial lung injury.

Ronald Glass, Industrial Supervisor I of CALPIA, was

1    responsible for maintaining the CALPIA safety program, including
2    notification to others when an inmate employee was injured at the
3    CALPIA factory.  On February 27, 2012, Glass submitted a report
4    on the effects of asbestos exposure on inmates, but he concealed
5    the report from Dr. John Cranshaw, who was designated to test
6    Plaintiff for symptoms from asbestos and lead exposure, CEO Deems
7    and Plaintiff.  This action delayed Plaintiff from receiving a
8    diagnosis and treatment of his industrial lung disease.  Also,
9    Glass had a duty to ensure that Plaintiff received medical care
10   when he exhibited lung disease symptoms, but Glass failed to do
11   so.
12        Gary Loredo, Industrial Supervisor II at CALPIA, was
13   responsible for the CALPIA inmate employees, including Plaintiff.
14   His duties included monitoring and reviewing safety programs and
15   preventing injuries to inmate employees.  Loredo processed
16   Plaintiff's workers' compensation claim and, therefore, knew of
17   Plaintiff's injuries from asbestos, but he did nothing to ensure
18   that Plaintiff received medical treatment.
19        Philip Earley, CALPIA manager, was responsible for
20   supervising inmate employees and preventing their injury.  When
21   Plaintiff learned of his exposure to asbestos and lead at the
22   CALPIA factory, he submitted, on July 4, 2013, a health care
23   services request form to Dr. Cranshaw requesting a comprehensive
24   blood and lungs test to determine if he had symptoms from
25   exposure to asbestos or lead.  Earley informed Dr. Cranshaw that
26   Plaintiff "has not been identified by CALPIA as significantly
27   exposed to lead or asbestos, therefore, there is nothing the SQSP
28   Medical Department can do to evaluate him."  By taking this

4

action, Earley hindered, prevented and delayed Plaintiff from obtaining a medical diagnosis and treatment, thus exacerbating his illness.

B. Smith, branch manager at CALPIA, was responsible for responding to inmate employees' complaints, including appeals about the behavior of staff members.  On July 6, 2012, Plaintiff filed an inmate appeal about Earley, Loredo and Glass's denials of his requests for medical testing for asbestos and lead exposure.  Smith conducted an "appeal inquiry" with Earley and Glass and indicated the appeal was partially granted because he had made the inquiry, but he did not rule that Plaintiff would receive medical testing or treatment.  Instead, Early issued an August 15, 2012 memorandum stating that Plaintiff's appeal had been reviewed, the issue had been addressed and CALPIA had closed the matter.

On August 21, 2012, CEO Deems also reviewed and denied Plaintiff's appeal requesting testing for asbestos and lead exposure.

Luu Rogers, an industrial supervisor at CALPIA, was responsible for supervising inmate work crews in maintenance and repair activities.  He trained and supervised inmate employees, including Plaintiff, in preventive maintenance and repair of industrial systems, equipment and facilities and was responsible for the enforcement of safety rules and regulations.

A February 16, 2011 CDCR Memorandum stated that inmates working in certain areas of CALPIA were being exposed to contaminants that could be hazardous to themselves and staff. This memorandum provided Defendants with actual knowledge of

Plaintiff's need for medical care from lead and asbestos exposure. On June 6, 2012, SQSP Correctional Lieutenant K. Evans filed an incident report citing a "potential hazardous material situation in the PIA mattress factory/involving asbestos and lead paint." Other incident reports were filed on June 6, June 7, and June 14, 2012 documenting asbestos and lead exposure at the CALPIA factory. These reports placed Defendants on notice of Plaintiff's exposure to asbestos and lead at the CALPIA factory.

Liberally construed, the allegations in the 2AC state a cognizable Eighth Amendment claim against Glass, Loredo, Earley, Smith, Deems and Rogers for being deliberately indifferent to Plaintiff's serious medical need by preventing or delaying him from receiving medical treatment for a disease caused by exposure to asbestos, thus, exacerbating the disease and inducing him to continue to work under hazardous conditions. See Johns-Manville Prods. Corp. v. Sup. Ct., 27 Cal. 3d 465, 473-77 (1980).

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff has stated a cognizable Eighth Amendment claim against Deems for creating a policy, procedure or practice that prevented the testing and treatment of inmates for symptoms from exposure to asbestos and lead. Plaintiff has stated a cognizable Eighth Amendment claim against Glass, Loredo, Earley, Smith, Deems and Rogers for concealing from Plaintiff and from Dr. Cranshaw the fact that Plaintiff had been exposed to asbestos or lead, thereby preventing him from receiving a diagnosis and treatment for industrial lung disease, thus, aggravating the injury and inducing him to continue to work under hazardous

conditions.

2. Defendants Glass, Loredo, Earley, Smith, Deems and Rogers have been served with the complaint, answered it and filed a motion to dismiss, which was granted, in part.  Within twenty-eight days from the date of this Order, Defendants shall file a motion for summary judgment addressing Plaintiff's two remaining cognizable claims.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment, Defendants shall comply with the Ninth Circuit's decision in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.

3.  Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

7

Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

  4. Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

  5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.

  7. All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel by mailing a true copy of the document to Defendants or their counsel.

  8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time

must be filed no later than fourteen days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: March 9, 2015

_____
CLAUDIA WILKEN
United States District Judge