UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWIN J. HUTCHINSON, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CALIFORNIA PRISON INDUSTRY AUTHORITY, *et al*.,<br><br>  Defendants. | Case No. 4:13-cv-04635-CW (LB)<br><br>**ORDER REGARDING DISCOVERY DISPUTES AND DISCOVERY DISPUTE PROCEDURES**<br><br>[Re: ECF Nos. 52, 68, 70, 83, 84] |

## INTRODUCTION

Edwin Hutchinson, who is an inmate at San Quentin State Prison, alleges that he has "industrial lung injury" as a result of being exposed to asbestos while he was employed by the California Prison Industry Authority ("CALPIA"). (Second Amended Complaint, ECF No. 39.)[1] The district judge found two claims that are cognizable: (1) an Eighth Amendment claim against Andrew Deems, the CEO of Health Care Services at San Quentin for creating a policy, procedure or practice that prevented the testing and treatment of inmates for symptoms from exposure to asbestos and lead, and (2) an Eighth Amendment claim against five CALPIA employees (Ron Glass, Gary Loredo, Philip Earley, Luu Rogers, and Brad Smith) for concealing from Mr. Hutchinson and from Dr. Cranshaw (Mr. Hutchinson's doctor at San Quentin) the fact that Mr.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.
Order (No: 4:13-cv-04635-CW (LB))

1  Hutchinson had been exposed to asbestos or lead, thereby preventing him from receiving a
2  diagnosis and treatment for industrial lung disease, aggravating the injury, and inducing him to
3  continue to work under hazardous conditions. (3/9/15 Order, ECF No. 41.) The district court
4  referred all discovery disputes to the undersigned for resolution. (Order of Reference, ECF No.
5  71.) Mr. Smith moved to compel a meet-and-confer (ECF No. 52), to quash a subpoena for his
6  medical records as overbroad (ECF No. 68), to stay his deposition (ECF No. 70), and to obtain a
7  copy of his deposition transcript (ECF No. 84). The court orders the discovery processes set forth
8  below.

## ANALYSIS

### I.  MEET-AND-CONFER

On April 7, 2015, Mr. Hutchinson filed a motion to compel the individual defendants to respond to his discovery requests. (Motion, ECF No. 44.) The Attorney General of California then represented the defendants. On April 8, Mr. Hutchinson and the Deputy Attorney General stipulated that he would withdraw his motion to compel. (*Id.*) Mr. Hutchinson explains that they did so because the Attorney General was in the process of withdrawing from the case and this process would allow him to confer with new counsel about his disputes. He then tried to confer with the defendants about discovery and the disputes raised in his motion to compel. (Motion, ECF No. 53 at 2.) After they apparently told him to send them a written letter, he filed a motion to compel either an in-person conference or a telephonic conference. (*Id.* at 3.) In his motion, he also cites the disclosures required by Rule 26(a). (*Id.*) His letter to defense counsel cites Rule 26(f) explicitly. (ECF No. 67.) Counsel for five defendants responded that the motion "should be denied because no legal basis for his motion exists. Nevertheless, defense counsel remain willing to confer with Plaintiff, and to that end, invite him to write a letter specifying whatever questions or concerns he might have." (Opposition, ECF No. 65 at 1.) Counsel for a sixth defendant responded similarly. (Opposition, ECF No. 66.)

At the hearing, counsel pointed out that the case is exempt from Rule 26's initial disclosure requirements because Mr. Hutchinson is in custody and is representing himself. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). But as Mr. Hutchinson said at the hearing, he is representing himself, he cited

ORDER (No. 4:10-cv-04641-PJH (LB))

2

the rules the best he could, and he did not know what else to do to obtain a response. He also pointed out that he was able to confer with former defense counsel (the Deputy Attorney General) via telephonic conference at San Quentin. He also said that he and the Deputy had contemplated a meet-and-confer process to address the discovery disputes before he raised them via a motion to compel.

Given Mr. Hutchinson's representation that he wants to minimize disputes (a representation demonstrated by the care that he has brought to his filings and his willingness to comprise on medical evidence, *see* below), the court agrees that the standard processes for resolving discovery disputes should apply here. The parties must comply with all applicable requirements in the court's standing order (attached), including all procedures regarding resolution of discovery disputes. In this case, the court presumes that Mr. Hutchison does not have access to email (a normal first step in a meet-and-confer) and thus orders that the parties must meet and confer by telephone (a process that can be arranged by the litigation coordinator). If that process does not resolve the dispute, the parties must submit a joint letter brief to the court. Because Mr. Hutchison is in custody, the court modifies its process slightly. The moving party will file (and send to the opposing party) a three-page letter brief. Within five business days after receipt, the opposing party will file (and send to the moving party) a three-page opposition. Within five business days after receipt, the moving party may file a two-page reply. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." After reviewing the joint letter brief, the court will evaluate whether future proceedings are necessary, including any further briefing or argument.

The court observes that Mr. Hutchinson's motion to compel at ECF No. 44 likely gives the defendants insight into what the dispute landscape is. If there are responses that ought to be provided, the defendants must provide them because Mr. Hutchinson will need to respond to their planned summary-judgment motion.

**II. MOTION TO QUASH SUBPOENA**

Mr. Hutchinson moved to quash or modify the subpoena for his medical records on the ground that − while medical records about his lungs are relevant − his general medical records all the way

ORDER (No. 4:10-cv-04641-PJH (LB))  3

back to 1999 are not. (Motion, ECF No. 68.) He also asked for a protective order. (*Id.*) The defendants responded on the ground that Mr. Hutchinson put his medical condition at issue, but they did not address the argument that their request included information that was not relevant. (Opposition, ECF No. 75.) At the hearing, Mr. Hutchinson and the defendants agreed that the defendants' subpoena would be limited to medical records from 2007 (five years before he filed his administrative appeals) and after. The defendants also agreed to prepare the standard protective order.

### III. MOTION FOR COPY OF DEPOSITION

Mr. Hutchinson asked for a copy of his deposition transcript. (Motion, ECF No. 84.) He explained at the hearing that he wants to review it so that he can make any corrections. The defendants oppose providing a copy at state cost. The court sees no authority allowing it to compel defendants to do so. *See Boston v. Garcia*, No. 2:10-cv-1782-KJM, 2013 WL 11165062, at *2 (E.D. Cal. Mar. 20, 2013). The rule generally provides that a party must obtain a copy from the court reporter, who must provide it when paid reasonable charges. Fed. R. Civ. P. 30(f)(3). The court itself cannot use public funds to provide a transcript. *See Tedder v. Odel*, 890 F.2d 201, 111 (9th Cir. 1989).

As a compromise, Ms. Ho agreed to provide Mr. Hutchinson a copy of the condensed version of the transcript. The court appreciates that Mr. Hutchinson wanted an official copy to review it for corrections, but this is the best that the court can do.

### IV. MISCELLANEOUS DOCKET ITEMS

Mr. Hutchinson wants to file seven exhibits. (ECF No. 83.) He explained that he did this to get defendants copies that they asked for, and he said that he also sent them copies. This satisfies any obligation that Mr. Hutchinson had to provide the documents.

Mr. Hutchinson filed a third motion for appointment of counsel. (Motion, ECF No. 72.) The court explained at the hearing that the district judge would address this motion.

Mr. Hutchinson moved to continue his deposition. (Motion, ECF No. 70.) Because he was deposed, the court denies the motion as moot.

Mr. Hutchinson asked for judicial notice of his medical records. (Motion, ECF No. 64.) The

ORDER (No. 4:10-cv-04641-PJH (LB))    4

court explained that this issue is for the district court and can be addressed by submitting evidence as part of his opposition to the motion for summary judgment.

## CONCLUSION

The court grants Mr. Hutchinson's motion to compel a process for discovery disputes, motion to modify the subpoena for medical records, and motion for a protective order. The court denies his motion for an original copy of his deposition transcript but orders the compromise of the provision of a copy of the condensed version as soon as defense counsel receives it. The court denies as moot the motion to continue the deposition.

This disposes of ECF Nos. 52, 68, 70, 83, and 84.

**IT IS SO ORDERED.**

Dated: July 23, 2015                              _____
                                                  LAUREL BEELER
                                                  United States Magistrate Judge