UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWIN J. HUTCHINSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA PRISON INDUSTRY AUTHORITY, *et al*.,<br><br>    Defendants. | Case No. 4:13-cv-04635-CW (LB)<br><br>**ORDER REGARDING PLAINTIFF'S "MOTION FOR AN EXTENSION OF TIME TO CONDUCT DISCOVERY"**<br><br>**[RE: ECF NO. 97]** |

Edwin Hutchinson, who is an inmate at San Quentin State Prison, alleges that he has "industrial lung injury" as a result of being exposed to asbestos while he was employed by the California Prison Industry Authority ("CALPIA"). (Second Amended Complaint, ECF No. 39.)[1] The district judge found two claims that are cognizable: (1) an Eighth Amendment claim against Andrew Deems, the CEO of Health Care Services at San Quentin for creating a policy, procedure or practice that prevented the testing and treatment of inmates for symptoms from exposure to asbestos and lead, and (2) an Eighth Amendment claim against five CALPIA employees (Ron Glass, Gary Loredo, Philip Earley, Luu Rogers, and Brad Smith) for concealing from Mr. Hutchinson and from Dr. Cranshaw (Mr. Hutchinson's doctor at San Quentin) the fact that Mr. Hutchinson had been exposed to asbestos or lead, thereby preventing him from receiving a

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.
Order (No: 4:13-cv-04635-CW (LB))

diagnosis and treatment for industrial lung disease, aggravating the injury, and inducing him to continue to work under hazardous conditions. (3/9/15 Order, ECF No. 41.) The district court referred all discovery disputes to the undersigned for resolution. (Order of Reference, ECF No. 71.) The court previously resolved pending disputes. (7/23/15 Order, ECF No. 86.)

By motion dated August 8, 2015, placed in the prison mail that same day, postmarked August 10, 2015, and filed by the clerk's office on August 18, 2015, Mr. Hutchinson moved for an extension of time to complete discovery. (Motion, ECF No. 97.) The relief that he requests actually is an extension of time to file his opposition to the defendants' motion for summary judgment. (*See id.* at 2.) The motions were filed on August 4, 2015. (*See* Motions for Summary Judgment, ECF Nos. 89, 90.) Mr. Hutchinson received them by regular mail on August 6, 2015. (*Id.*) He has 30 days after the defendants filed the motion to respond to them. (3/25/15 Order, ECF No. 43.) Defendant A. Deems had outstanding discovery responses that were due on August 3, 2015 that Mr. Hutchinson did not receive, and Defendants Glass, Loredo, Rogers, Early, and Smith have discovery responses that were due on August 13, 2015. (Hutchinson Decl., ECF No. 97 at 6, ¶¶ 14-15.) He needs them to respond to the summary-judgment motions. (*Id.* ¶ 16.)

To the extent that this is a motion for an extension of time, it will be decided by the trial judge. The court reminds the parties that if there are discovery disputes, the parties must comply with the dispute procedures set forth in the court's order at ECF No. 86. The court advises the parties that it likely will be unavailable from September 7, 2015 to September 18, 2015.

**IT IS SO ORDERED.**

Dated: August 21, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (No. 4:10-cv-04641-PJH (LB))

2