UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWIN J. HUTCHINSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA PRISON INDUSTRY AUTHORITY, *et al*.,<br><br>　　　　Defendants. | Case No. 4:13-cv-04635-CW (LB)<br><br>**ORDER DENYING THE PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**[Re: ECF No. 100]** |

Edwin Hutchinson, who is an inmate at San Quentin State Prison, alleges that he has "industrial lung injury" as a result of being exposed to asbestos while he was employed by the California Prison Industry Authority ("CALPIA"). (Second Amended Complaint, ECF No. 39.)[1] On June 22, 2015, the district court referred all discovery disputes to the undersigned for resolution. (Order of Reference, ECF No. 71.) On July 23, 2015, the court held a discovery hearing and resolved several discovery disputes. (7/23/2015 Minute Order, ECF No. 87; *see* 7/23/2015 Discovery Order, ECF No. 86.)

One of the disputes was over the defendants' subpoena for Mr. Hutchison's medical records. (7/23/2015 Discovery Order, ECF No. 86 at 3-4.) The court stated as follows:

　　Mr. Hutchinson moved to quash or modify the subpoena for his medical records

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

Order (No: 4:13-cv-04635-CW (LB))

on the ground that − while medical records about his lungs are relevant − his general medical records all the way back to 1999 are not. (Motion, ECF No. 68.) He also asked for a protective order. (*Id.*) The defendants responded on the ground that Mr. Hutchinson put his medical condition at issue, but they did not address the argument that their request included information that was not relevant. (Opposition, ECF No. 75.) At the hearing, Mr. Hutchinson and the defendants agreed that the defendants' subpoena would be limited to medical records from 2007 (five years before he filed his administrative appeals) and after. The defendants also agreed to prepare the standard protective order.

(*Id.*)

On August 6, 2015, as they agreed to do, the defendants filed a standard stipulated protective order. (Stipulation, ECF No. 95.) It was signed by all parties. (*Id.* at 11-12.) The court issued the protective order on August 11, 2014. (Stipulated Protective Order, ECF No. 96.)

On August 20, 2015, Mr. Hutchison filed the instant motion that asks the court to sanction the defendants' counsel under Federal Rule of Civil Procedure 11. (Motion, ECF No. 100.) Rule 11 provides in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) Sanctions.
>
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> . . . .

ORDER (No. 4:10-cv-04641-PJH (LB))

2

1    In applying this rule, the Ninth Circuit "has identified two circumstances in which sanctions
2 [under Rule 11] are appropriate: [(1)] where a litigant makes a 'frivolous filing,' that is, where he
3 files a pleading or other paper which no competent attorney could believe was well grounded in
4 fact and warranted by law; and [(2)] where a litigant files a pleading or other paper for an
5 'improper purpose,' such as personal or economic harassment." *Greenberg v. Sala*, 822 F.2d 882,
6 885 (9th Cir. 1987) (citing *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531,
7 1538 (9th Cir. 1986) and *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830-32 (9th Cir. 1986));
8 *see Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

9    In the declaration accompanying his motion, Mr. Hutchison says that the defendants' counsel
10 violated the August 11, 2015 stipulated protective order because they obtained all of his medical
11 records at some point before the court issued its ruling on his motion to quash, and they used or
12 referred to his medical records during his July 10, 2015 deposition. (Hutchison Decl., ECF No.
13 100 at 2-6.) One problem with this theory is that his deposition occurred before the court issued its
14 discovery order and the stipulated protective order. It is not possible for the defendants' counsel to
15 have violated orders that had not yet been issued. Another problem is that the defendants'
16 counsels' use of or reference to his medical records during his deposition does not constitute a
17 frivolous filing or a filing made for an improper purpose. The defendants' alleged conduct did not
18 come within the ambit of Rule 11. Accordingly, Mr. Hutchison's motion is denied.

19   **IT IS SO ORDERED.**
20   Dated: September 4, 2015                   _____
                                                LAUREL BEELER
21                                              United States Magistrate Judge

ORDER (No. 4:10-cv-04641-PJH (LB))                         3