1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                            SAN FRANCISCO DIVISION

11   EDWIN J. HUTCHISON, et al.,

12              Plaintiffs,                    Case No. 4:13-cv-04635-CW (LB)

13        v.                                   **ORDER REGARDING THE
                                               PLAINTIFF'S SEPTEMBER 14, 2015
14   CALIFORNIA PRISON INDUSTRY               FILING**
     AUTHORITY, et al.,
15                                             **[Re: ECF No. 109]**
                Defendants.
16

17      Edwin Hutchison, who is an inmate at San Quentin State Prison, alleges that he has "industrial

18   lung injury" as a result of being exposed to asbestos while he was employed by the California

19   Prison Industry Authority ("CALPIA"). (Second Amended Complaint, ECF No. 39.)[1] On June 22,

20   2015, the district court referred all discovery disputes to the undersigned for resolution. (Order of

21   Reference, ECF No. 71.)

22      One of the disputes was over the defendants' subpoena for Mr. Hutchison's medical records.

23   (7/23/2015 Discovery Order, ECF No. 86 at 3-4.) Mr. Hutchison had filed a motion to quash the

24   defendants' subpoena on June 12, 2015. (Motion to Quash, ECF No. 68.) On July 23, 2015, the

25   court ruled as follows:

26          Mr. Hutchinson moved to quash or modify the subpoena for his medical records

27

28   _____
     [1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page
     numbers at the tops of the documents.
     Order (No: 4:13-cv-04635-CW (LB))

United States District Court
Northern District of California

1     on the ground that − while medical records about his lungs are relevant − his general medical records all the way back to 1999 are not. (Motion, ECF No. 68.) He also asked for a protective order. (*Id.*) The defendants responded on the ground that Mr. Hutchinson put his medical condition at issue, but they did not address the argument that their request included information that was not relevant. (Opposition, ECF No. 75.) At the hearing, Mr. Hutchinson and the defendants agreed that the defendants' subpoena would be limited to medical records from 2007 (five years before he filed his administrative appeals) and after. The defendants also agreed to prepare the standard protective order.

(*Id.*)

On August 6, 2015, as they agreed to do, the defendants filed a standard stipulated protective order. (Stipulation, ECF No. 95.) It was signed by all parties. (*Id.* at 11-12.) The court issued the protective order on August 11, 2014. (Stipulated Protective Order, ECF No. 96.)

On August 20, 2015, Mr. Hutchison filed a motion that asked the court to sanction the defendants' counsel under Federal Rule of Civil Procedure 11. (Motion, ECF No. 100.) On September 4, 2015, the court denied Mr. Hutchison's motion for sanctions, stating that the defendants' counsel did not violate the stipulated protective order because it had not been issued when Mr. Hutchison's deposition was taken (the defendants took his deposition on July 10, 2015), and that the alleged conduct did not come within the ambit of Rule 11 because the use of his medical records did not constitute a frivolous filing for improper purpose. (Order, ECF No. 106.)

After the court denied the motion, on September 14, 2015, Mr. Hutchison filed a "reply" in support of his motion for sanctions. (Reply, ECF No. 109.) In it, he once again reiterates his argument that the defendants' counsel should be sanctioned under Rule 11, and he argues for the first time that they violated Rule 26 and should be sanctioned under the court's inherent power. (*Id.*) Because the court already ruled on this motion, his reply is untimely. Still, even if the court construed his reply as a motion for leave to file a motion for reconsideration, his arguments are not persuasive.

First, as the court stated in its September 4, 2015 order, Rule 11 does cover the defendants' counsel's conduct because their use of or reference to his medical records during his deposition does not constitute a frivolous filing or a filing made for an improper purpose.

Second, the provisions of Rule 26 that he cites do not apply here. This case is exempt from Rule 26(a)(1)'s initial disclosure requirements because it is "an action brought without an attorney

*United States District Court*
*Northern District of California*

2

United States District Court
Northern District of California

1    by a person in the custody of the United States, a state, or a state subdivision." Fed. R. Civ. P.

2    26(a)(1)(B)(iv). And Rules 26(a)(2) and (a)(3) are not implicated in this context. Rule 26(a)(2)(A)

3    states that "a party must disclose to the other parties the identity of any witness it may use at trial

4    to present evidence under Federal Rule of Evidence 702, 703, or 705." And Rule 26(a)(3)(A)

5    states that "a party must provide to the other parties and promptly file [certain enumerated]

6    information about the evidence that it may present at trial other than solely for impeachment."

7    Even if these Rules covered Mr. Hutchison's medical records, these Rules describe the parties'

8    expert testimony and pretrial disclosures, and they do not come into play until much later,

9    generally within 90 and 30 days before trial, respectively. *See* Fed. R. Civ. P. 26(a)(2)(D),

10    (a)(3)(B). This action is not even set for trial, and the time for the parties to comply with these

11    Rules has not yet arrived.

12       Third, the defendants' counsel did not engage in bad faith. Insofar as Mr. Hutchison argues

13    that the defendants' counsel should not have "obtained" his medical records while his motion to

14    quash was pending, (*see* Reply, ECF No. 109 ¶¶ 7, 8, 20), this does not demonstrate bad faith,

15    especially given that the subpoenaed non-party who provided the records to the defendants'

16    counsel was required to obey the subpoena "unless and until the subpoena [was] quashed."

17    Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. before Trial ¶ 11:2285.1 (The

18    Rutter Group 2015) (citing *United States v. Ryan*, 402 US 530, 532 (1971); *see also id.* ¶ 11:1166

19    ("The mere fact that a motion for protective order is pending does not itself excuse the subpoenaed

20    party from making discovery."). The subpoena had not been quashed at that time. The court will

21    not sanction the defendants' counsel under its inherent powers.

22       In sum, the court denied Mr. Hutchison's motion for sanctions on September 4, 2015. (Order,

23    ECF No. 106.) Nothing in Mr. Hutchison's reply changes that. The matter is finished.

24    **IT IS SO ORDERED.**

25    Dated: September 25, 2015           _____

26                                 LAUREL BEELER
                                 United States Magistrate Judge

27

28