IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN JAY HUTCHINSON,<br><br>      Plaintiff,<br><br>  v.<br><br>CALIFORNIA PRISON INDUSTRY AUTHORITY; et al.,<br><br>      Defendants.<br>_____/ | No. C 13-4635 CW<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(Docket Nos. 72, 140) |

    Plaintiff, a state inmate who has filed a pro se civil rights action under 42 U.S.C. § 1983, moves for the appointment of counsel. "[I]t is well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint volunteer counsel for "any person unable to afford counsel." The discretionary appointment of counsel typically is reserved for cases involving "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the

legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. Here, exceptional circumstances requiring the appointment of counsel are not evident.  The request for appointment of counsel is DENIED.  If, in the future, the Court concludes it is necessary to appoint counsel to represent Plaintiff, it shall do so on its own motion.

    This Order terminates Docket Numbers 72 and 140.

    IT IS SO ORDERED.

Dated: March 30, 2016

CLAUDIA WILKEN
United States District Judge